**Zimbra**                                                              scott@lawlb.com

---

## Fwd: Looking Glass v. Franmara

---

**From :** Stuart Lowry <stuart@lawlb.com>                    Thu, Feb 28, 2013 07:56 PM
**Subject :** Fwd: Looking Glass v. Franmara
**To :** scott <scott@lawlb.com>

---

**From:** "Robert W. Payne" <rpayne@lgpatlaw.com>
**To:** stuart@lawLB.com
**Sent:** Thursday, February 28, 2013 2:22:21 PM
**Subject:** Looking Glass v. Franmara

Dear Scott,

As we discussed, our client is prepared to provide some assurances, conditioned upon your committing to agree not to seek a temporary restraining order in this action, which effort we think would not succeed in any event.   Conditioned upon that assurance, our client would be willing to have me send you an e-mail detailing the following points:

1 – Franmara would not show or market the accused PrestoVino glass at the Chicago show this weekend, either by that name or any other name, nor would it use the accused packaging at the Chicago show for stemless glassware.
2 – Franmara would plan to transition to another mark and packaging for its stemless glassware.  In the near future (probably early next week) we would expect to show you the intended mark and packaging.  We are confident both will be very different from your client's.
3 – We would state that this is authorized by our client with the expectation that you may rely upon the representations in no. 1 above and our plans to make a transition.

It would be our hope and expectation at that point that you would agree to dismiss the action, upon the writing of a suitable settlement agreement confirming such a transition.  We can discuss that further next week.


Sincerely,

Robert W. Payne
*LaRiviere, Grubman & Payne, LLP*
19 Upper Ragsdale Drive, Suite 200
Monterey, CA  93940
(831) 649-8800
www.lgpatlaw.com

PAGE 1 of 2

EXHIBIT A

This email and any attached files are confidential and intended solely for the intended recipient(s). If you are not the named recipient you should not read, distribute, copy or alter this email. Any views or opinions expressed in this email are those of the author and do not represent those of LaRiviere, Grubman & Payne, LLP (LGP). Warning: Although precautions have been taken to make sure no viruses are present in this email, LGP cannot accept responsibility for any loss or damage that arise from the use of this email or attachments.

---

PAGE 2 of 2

**Zimbra**                                                          **scott@lawlb.com**

---

### Re: Fwd: Looking Glass v. Franmara

---

**From :** Scott M. Lowry <scott@lawlb.com>                    Fri, Mar 01, 2013 01:45 AM

**Subject :** Re: Fwd: Looking Glass v. Franmara

**To :** rpayne@lgpatlaw.com

**Cc :** 'Stuart Lowry' <stuart@lawlb.com>, 'Jeffrey Castaneda'
       <jeff@lawlb.com>

**Reply To :** Scott M. Lowry <scott@lawlb.com>

Robert:

I confirm that we will not seek the TRO conditioned on points 1-3 below.

Regards,

Scott M. Lowry
Attorney at Law

Lowry Blixseth LLP
23632 Calabasas Rd., Ste. 201
Calabasas, California 91302
Phone: 818-584-6460
Fax: 818-574-6026
www.LawLB.com


----- Original Message -----
From: Stuart Lowry &lt;stuart@lawlb.com&gt;
To: scott &lt;scott@lawlb.com&gt;
Sent: Thu, 28 Feb 2013 19:56:25 -0800 (PST)
Subject: Fwd: Looking Glass v. Franmara



----- Forwarded Message -----

From: "Robert W. Payne" &lt;rpayne@lgpatlaw.com&gt;
To: stuart@lawLB.com
Sent: Thursday, February 28, 2013 2:22:21 PM
Subject: Looking Glass v. Franmara

PAGE 1 of 2

EXHIBIT B

Dear Scott,

As we discussed, our client is prepared to provide some assurances, conditioned upon your committing to agree not to seek a temporary restraining order in this action, which effort we think would not succeed in any event. Conditioned upon that assurance, our client would be willing to have me send you an e-mail detailing the following points:

1 – Franmara would not show or market the accused PrestoVino glass at the Chicago show this weekend, either by that name or any other name, nor would it use the accused packaging at the Chicago show for stemless glassware.
2 – Franmara would plan to transition to another mark and packaging for its stemless glassware. In the near future (probably early next week) we would expect to show you the intended mark and packaging. We are confident both will be very different from your client's.
3 – We would state that this is authorized by our client with the expectation that you may rely upon the representations in no. 1 above and our plans to make a transition.

It would be our hope and expectation at that point that you would agree to dismiss the action, upon the writing of a suitable settlement agreement confirming such a transition. We can discuss that further next week.


Sincerely,

Robert W. Payne
LaRiviere, Grubman &amp; Payne, LLP
19 Upper Ragsdale Drive, Suite 200
Monterey, CA 93940
(831) 649-8800
www.lgpatlaw.com


This email and any attached files are confidential and intended solely for the intended recipient(s). If you are not the named recipient you should not read, distribute, copy or alter this email. Any views or opinions expressed in this email are those of the author and do not represent those of LaRiviere, Grubman &amp; Payne, LLP (LGP). Warning: Although precautions have been taken to make sure no viruses are present in this email, LGP cannot accept responsibility for any loss or damage that arise from the use of this email or attachments.

---

**Zimbra**                                                            **scott@lawlb.com**

---

### RE: Fwd: Looking Glass v. Franmara

---

**From :** Robert W. Payne <rpayne@lgpatlaw.com>              Fri, Mar 01, 2013 06:32 AM
**Subject :** RE: Fwd: Looking Glass v. Franmara
**To :** Scott M. Lowry <scott@lawlb.com>
**Cc :** Stuart Lowry <stuart@lawlb.com>, Jeffrey Castaneda
        <jeff@lawlb.com>


Scott,

I am therefore authorized to confirm:

1 – Franmara will not show or market the accused PrestoVino glass at the Chicago show this
weekend, either by that name or any other name, nor would it use the accused packaging
at the Chicago show for stemless glassware.

2 – Franmara plans to transition to another mark and packaging for its stemless glassware.
In the near future (probably early next week) we would expect to show you the intended
mark and packaging. We are confident both will be very different from your client's.

3 – This is authorized by our client with the expectation that you may rely upon the
representations in no. 1 above and our plans to make a transition.

Sincerely,

Robert W. Payne

**LaRiviere, Grubman & Payne, LLP**

19 Upper Ragsdale Drive, Suite 200

Monterey, CA  93940

(831) 649-8800

www.lgpatlaw.com

-----Original Message-----
From: Scott M. Lowry [mailto:scott@lawlb.com]
Sent: Friday, March 01, 2013 1:45 AM
To: Robert W. Payne
Cc: 'Stuart Lowry'; 'Jeffrey Castaneda'
Subject: Re: Fwd: Looking Glass v. Franmara

PAGE 1 of 4

EXHIBIT C

Robert:

I confirm that we will not seek the TRO conditioned on points 1-3 below.

Regards,

Scott M. Lowry

Attorney at Law

Lowry Blixseth LLP

23632 Calabasas Rd., Ste. 201

Calabasas, California 91302

Phone: 818-584-6460

Fax: 818-574-6026

www.LawLB.com


----- Original Message -----

From: Stuart Lowry &lt;stuart@lawlb.com&gt;

To: scott &lt;scott@lawlb.com&gt;

Sent: Thu, 28 Feb 2013 19:56:25 -0800 (PST)

Subject: Fwd: Looking Glass v. Franmara


----- Forwarded Message -----

From: "Robert W. Payne" &lt;rpayne@lgpatlaw.com&gt;

To: stuart@lawLB.com

Sent: Thursday, February 28, 2013 2:22:21 PM

Subject: Looking Glass v. Franmara


PAGE 2 of 4

EXHIBIT C

Dear Scott,

As we discussed, our client is prepared to provide some assurances, conditioned upon your committing to agree not to seek a temporary restraining order in this action, which effort we think would not succeed in any event. Conditioned upon that assurance, our client would be willing to have me send you an e-mail detailing the following points:

1 – Franmara would not show or market the accused PrestoVino glass at the Chicago show this weekend, either by that name or any other name, nor would it use the accused packaging at the Chicago show for stemless glassware.

2 – Franmara would plan to transition to another mark and packaging for its stemless glassware. In the near future (probably early next week) we would expect to show you the intended mark and packaging. We are confident both will be very different from your client's.

3 – We would state that this is authorized by our client with the expectation that you may rely upon the representations in no. 1 above and our plans to make a transition.

It would be our hope and expectation at that point that you would agree to dismiss the action, upon the writing of a suitable settlement agreement confirming such a transition. We can discuss that further next week.

Sincerely,

Robert W. Payne

LaRiviere, Grubman &amp; Payne, LLP

19 Upper Ragsdale Drive, Suite 200

Monterey, CA 93940

(831) 649-8800

www.lgpatlaw.com

This email and any attached files are confidential and intended solely for the intended recipient(s). If you are not the named recipient you should not read, distribute, copy or alter this email. Any views or opinions expressed in this email are those of the author and do not represent those of LaRiviere, Grubman &amp; Payne, LLP (LGP). Warning: Although precautions have been taken to make sure no viruses are present in this email, LGP cannot accept responsibility for any loss or damage that arise from the use of this email or attachments.

PAGE 3 of 4

EXHIBIT C

This email and any attached files are confidential and intended solely for the intended recipient(s). If you are not the named recipient you should not read, distribute, copy or alter this email. Any views or opinions expressed in this email are those of the author and do not represent those of LaRiviere, Grubman & Payne, LLP (LGP). Warning: Although precautions have been taken to make sure no viruses are present in this email, LGP cannot accept responsibility for any loss or damage that arise from the use of this email or attachments.

PAGE 4 of 4

EXHIBIT D



**LaRiviere, Grubman & Payne, LLP**
Keepers of Your Big Idea®

March 12, 2013

<u>VIA E-MAIL AND US MAIL</u>

SETTLEMENT COMMUNICATION --
<u>NOT ADMISSIBLE IN EVIDENCE</u>

Scott M. Lowry, Esq.
Lowry Blixseth LLP
23632 Calabassas Rd., Suite 201
Calabassas, CA  91302

Re: By the Glass, LLC v. Franmara

Dear Mr. Lowry:

This will follow up on our exchange over a week ago regarding resolution of the action filed by your client.  As you know, our client did not show the glassware in question at the trade show in Chicago.

Enclosed is a copy of the new packaging our client is prepared to use.  This is what our client is prepared to do, in exchange for agreement to dismiss the action and release its claims:

1. It will suspend any shipments of product under the accused packaging and only ship under the new packaging (or other packaging completely different from your client's).

2. It will go by the mark PRESTOFLEX, or some other mark that it may later choose which has neither "Go" nor "Vino" as part of the mark.

3. All current inventory of the glassware sold in the U.S. will have a sticker on the bottom which completely blocks from view the stamped mark of PrestoVino.  All new inventory and future shipments after that will not have that stamped mark.

19 Upper Ragsdale Drive, Suite 200
PO Box 3140, Monterey, CA 93942
T 831.649.8800 • F 831.649.8835
lgpatlaw.com

Scott M. Lowry, Esq.
Lowry Blixseth LLP
March 12, 2013
Page 2

Please get back to me this week with your response, agreeing to dismiss and release the claims involved.

Very truly yours,

LARIVIERE, GRUBMAN & PAYNE, LLP

Robert W. Payne

RWP/trm

Enclosure
cc:  Client

EXHIBIT E



EXHIBIT E



EXHIBIT E



**Zimbra**                                                              **scott@lawlb.com**

## Re: By the Glass LLC v. Franmara -- SETTLEMENT NEGOTIATIONS -- NOT ADMISSIBLE IN EVIDENCE

|              |                                                                 |                                        |
|--------------|-----------------------------------------------------------------|----------------------------------------|
| **From :**   | Scott M. Lowry <scott@lawlb.com>                                | Thu, Mar 28, 2013 10:01 AM             |
| **Sender :** | Scott M. Lowry <scott@lawlb.com>                                | 📎 1 attachment                         |
| **Subject :**| Re: By the Glass LLC v. Franmara -- SETTLEMENT NEGOTIATIONS -- NOT ADMISSIBLE IN EVIDENCE |            |
| **To :**     | Robert W. Payne <rpayne@lgpatlaw.com>                           |                                        |
| **Cc :**     | Stuart Lowry <stuart@lawlb.com>, Jeffrey Castaneda <jeff@lawlb.com> |                                     |
| **Reply To :**| scott@lawlb.com                                                |                                        |

Robert:

Further to your March 12, 2013 letter, my client offers the following in response:

1. Franmara must permanently discontinue all manufacturing, shipping, selling, distributing, etc. of the current product packaging.

   With respect to the new product packaging, my client will not agree to the use of images circled in **BLUE** in the attachment.  My client has already received significant publicity with respect to images of nearly identical depiction.  See, for example: http://www.sfgate.com/wine/article/Discovery-Govino-plastic-wineglasses-3176843.php

   The new product packaging is otherwise acceptable to the extent it is a black box design and does not incorporate phrases or other images that have already been associated with my client's products.

2. The use of PRESTOFLEX is acceptable; and the adoption of a later mark will only be acceptable so long as it does not inject consumer confusion with respect to my client's trade names.

3. My client will not agree to the sale or distribution of the glassware as per its current configuration, regardless of the use of a sticker.

   In this respect, Franmara must make noticeable design changes to its wine glass, and specifically flatten out the upstanding bottom that generally forms a moat/punt combination  identical to that of the GOVINO® Go Anywhere Wine Glass and change the glass dimensions that were copied from the GOVINO® Go Anywhere Wine Glass.

   Assuming Franmara makes satisfactory changes in this respect, my client would consider allowing use of the indented outer periphery, as incorporated into their current design.


Please review the above with your client and get back with us.  To the extent that Franmara may need time to make revisions to the glass design, my client would be willing to consider an extension delaying further proceedings with respect to this matter.

Regards,

Scott M. Lowry
Attorney at Law

Lowry Blixseth LLP
23632 Calabasas Rd., Ste. 201
Calabasas, California 91302
Phone: 818-584-6460
Fax: 818-574-6026

PAGE 2 of 5

EXHIBIT F

www.LawLB.com

---

**From:** "Robert W. Payne" <rpayne@lgpatlaw.com>
**To:** scott@lawlb.com
**Sent:** Tuesday, March 26, 2013 10:55:14 AM
**Subject:** RE: By the Glass LLC v. Franmara -- SETTLEMENT NEGOTIATIONS -- NOT
ADMISSIBLE IN EVIDENCE

Dear Scott.

We have not yet heard back on our proposal of settlement/dismissal dated March 12.  We
have answered the complaint but suggest it would be a waste of resources for both sides to
continue with this matter.  Some actions are about to come due.  We would appreciate
hearing back on resolving this matter in the near future.


Sincerely,

Robert W. Payne
*LaRiviere, Grubman & Payne, LLP*
19 Upper Ragsdale Drive, Suite 200
Monterey, CA  93940
(831) 649-8800
www.lgpatlaw.com


---

**From:** Scott M. Lowry [mailto:scott@lawlb.com]
**Sent:** Wednesday, March 20, 2013 9:30 AM
**To:** Robert W. Payne
**Cc:** Scott J. Allen; Stuart O. Lowry; Jeffrey Castaneda
**Subject:** Re: By the Glass LLC v. Franmara -- SETTLEMENT NEGOTIATIONS -- NOT
ADMISSIBLE IN EVIDENCE

Robert:

My client is currently considering the proposal in your March 12, 2013 letter and I will be in
contact when they have a response.

Regards,

Scott M. Lowry
Attorney at Law

Lowry Blixseth LLP
23632 Calabasas Rd., Ste. 201
Calabasas, California 91302

PAGE 3 of 5

Phone: 818-584-6460
Fax: 818-574-6026
www.LawLB.com

---

**From:** "Robert W. Payne" <rpayne@lgpatlaw.com>
**To:** "Scott M. Lowry" <scott@lawlb.com>
**Cc:** "Scott J. Allen" <sallen@lgpatlaw.com>
**Sent:** Wednesday, March 20, 2013 9:19:31 AM
**Subject:** FW: By the Glass LLC v. Franmara -- SETTLEMENT NEGOTIATIONS -- NOT ADMISSIBLE IN EVIDENCE

Dear Mr. Lowry:

We  have not heard back from you, and understand our response to the complaint is due today.  May we get agreement to our letter this morning?

Alternatively, please advise no later than 2 pm today whether you will agree to stipulate to an extension of time to respond to the complaint for an additional two weeks.

I will be out of the office starting at noon today for the rest of the day.  Please keep Scott Allen in any string of communications in this matter, going forward.

Thank you.


Sincerely,

Robert W. Payne
*LaRiviere, Grubman & Payne, LLP*
19 Upper Ragsdale Drive, Suite 200
Monterey, CA  93940
(831) 649-8800
www.lgpatlaw.com


---

**From:** Robert W. Payne
**Sent:** Tuesday, March 12, 2013 4:54 PM
**To:** Scott M. Lowry
**Subject:** By the Glass LLC v. Franmara -- SETTLEMENT NEGOTIATIONS -- NOT ADMISSIBLE IN EVIDENCE

Dear Mr. Lowry,

Please see the attached letter and enclosures..

I would appreciate your prompt agreement to this arrangement, or alternatively, agreement

to extend time to respond to the complaint for 30 days while this matter is considered..


Sincerely,

Robert W. Payne
*LaRiviere, Grubman & Payne, LLP*
19 Upper Ragsdale Drive, Suite 200
Monterey, CA  93940
(831) 649-8800
www.lgpatlaw.com


   This email and any attached files are confidential and intended solely for the intended
recipient(s). If you are not the named recipient you should not read, distribute, copy or alter
this email. Any views or opinions expressed in this email are those of the author and do not
represent those of LaRiviere, Grubman & Payne, LLP (LGP). Warning: Although precautions
     have been taken to make sure no viruses are present in this email, LGP cannot accept
  responsibility for any loss or damage that arise from the use of this email or attachments.


   This email and any attached files are confidential and intended solely for the intended
recipient(s). If you are not the named recipient you should not read, distribute, copy or alter
this email. Any views or opinions expressed in this email are those of the author and do not
represent those of LaRiviere, Grubman & Payne, LLP (LGP). Warning: Although precautions
     have been taken to make sure no viruses are present in this email, LGP cannot accept
  responsibility for any loss or damage that arise from the use of this email or attachments.


 **54300_New PrestoFlex Packaging - Annotated.pdf**
    248 KB


PAGE 5 of 5

EXHIBIT G

San Francisco Chronicle
Discovery: Govino Plastic Wineglasses
January 9, 2009

John Lee / Special to The Chronicle



# PrestoFlex™

This thin, transparent glass, made of BPA-free polymer, has a contoured finger grip at the base. Enjoy the color and sense the bouquet of the wine as you freely swirl the wine in the clear bowl.

- FLEXIBLE
- UNBREAKABLE
- 100% RECYCLABLE
- REUSE OVER & OVER

PETG

Hand wash only.
Do not put into
dishwasher.

SQUEEZABLE COMFORT

FRANMARA® SINCE 1970
WWW.FRANMARA.COM

4 PRESTOFLEX
16 OUNCE
WINE GLASSES



New PrestoFlex Product Packaging
Submitted: March 12, 2013

PAGE 1 of 1

**Zimbra**                                                 **scott@lawlb.com**

---

## RE: By the Glass LLC v. Franmara -- SETTLEMENT NEGOTIATIONS -- NOT ADMISSIBLE IN EVIDENCE

---

**From :** Robert W. Payne <rpayne@lgpatlaw.com>              Mon, Apr 01, 2013 02:43 PM

**Subject :** RE: By the Glass LLC v. Franmara -- SETTLEMENT
NEGOTIATIONS -- NOT ADMISSIBLE IN EVIDENCE

**To :** scott@lawlb.com

**Cc :** Stuart Lowry <stuart@lawlb.com>, Jeffrey Castaneda
<jeff@lawlb.com>

Dear Scott:

Thank you for your March 28 message below.  We can make some progress on this but find the demands overreaching to some extent.

1.  Franmara has discontinued the product packaging on which the suit was brought, so further litigation on this issue is pointless.  We do not recognize any intellectual property right of your client to our client's image of a hand grasping the flexible glass.  Nevertheless, we will replace it with a different pose to demonstrate the functional feature of such glasses that both our client's products have.  By the Glass, of course, has no copyright protection over our client's photograph nor any utility patent issued to a flexible glass.

2.  We believe item no. 2 (PrestoFlex) is resolved by our client's implementation of that mark.

3.  We do not agree on design changes for a number of reasons.  Foremost among them is that there is no discernible intellectual property right that your client owns which our client could conceivably be copying.

          - First, it appears to us that the appearance of the bottoms of our clients' glasses are distinctly different.  Ours has a much narrower base than the body of the glass, whereas your client's does not.  To the extent any trade dress claims are involved, that would be dispositive.
          - Second, any concerns about our client having a moat and punt combination on the bottom of its glass is controlled by the doctrine of functionality and not covered by any claim of trade dress or design patent, irrespective of differing appearance.  I am informed that the manufacture of glasses using PETI material typically have this sort of punt and moat because of the way tooling is made.  It is functional to accommodate efficient manufacturing.
          - Third, our client's glass dimensions are significantly different.  The middle dimple of the bottom of your client's glass is over twice the size of our clients (27mm vs. 12mm). Our client's base is much smaller (42.5mm vs. 54.2 mm, 27% smaller).  Our client's base slopes down at about a 45 degree angle, whereas your client's steep slope is at nearly 90 degrees.  Our client's punt is flatter at the top as well. The overall size of the glass is

EXHIBIT H

dictated by its function of serving as a hand-held wine glass, holding standard serving portions.

     - In any event, we are unaware of any protectable rights to a claim of dimensions of the respective wine glasses.

Thus, further litigation on this matter would be fruitless for your client and a waste of resources for both sides.  We suggest either of the following ways to conclude this matter.

(A)  We can sign a settlement agreement along the lines of the discussion set forth above, retaining of course our respective clients' rights to dispute new courses of action if either party engages in them.

(B)  By the Glass can simply file a voluntary dismissal of the current action.  This will conclude matters unless one party or the other undertakes some activity in which the other has protectable rights.

In any event, we believe agreement should be reached before further substantive filings need be done with the court.

Sincerely,

Robert W. Payne
**LaRiviere, Grubman & Payne, LLP**
19 Upper Ragsdale Drive, Suite 200
Monterey, CA  93940
(831) 649-8800
www.lgpatlaw.com

---

**From:** Scott M. Lowry [mailto:scott@lawlb.com]
**Sent:** Thursday, March 28, 2013 10:02 AM
**To:** Robert W. Payne
**Cc:** Stuart Lowry; Jeffrey Castaneda
**Subject:** Re: By the Glass LLC v. Franmara -- SETTLEMENT NEGOTIATIONS -- NOT ADMISSIBLE IN EVIDENCE

Robert:

Further to your March 12, 2013 letter, my client offers the following in response:

1. Franmara must permanently discontinue all manufacturing, shipping, selling, distributing, etc. of the current product packaging.

   With respect to the new product packaging, my client will not agree to the use of images circled in **BLUE** in the attachment.  My client has already received significant publicity with respect to images of nearly identical depiction.  See, for example:
   http://www.sfgate.com/wine/article/Discovery-Govino-plastic-wineglasses-3176843.php

PAGE 2 of 6

Case 5:13-cv-00879-BLF   Document 24-1   Filed 06/26/13   Page 22 of 25

EXHIBIT H

The new product packaging is otherwise acceptable to the extent it is a black box design and does not incorporate phrases or other images that have already been associated with my client's products.

2. The use of PRESTOFLEX is acceptable; and the adoption of a later mark will only be acceptable so long as it does not inject consumer confusion with respect to my client's trade names.

3. My client will not agree to the sale or distribution of the glassware as per its current configuration, regardless of the use of a sticker.

   In this respect, Franmara must make noticeable design changes to its wine glass, and specifically flatten out the upstanding bottom that generally forms a moat/punt combination  identical to that of the GOVINO® Go Anywhere Wine Glass and change the glass dimensions that were copied from the GOVINO® Go Anywhere Wine Glass.

   Assuming Franmara makes satisfactory changes in this respect, my client would consider allowing use of the indented outer periphery, as incorporated into their current design.

Please review the above with your client and get back with us.  To the extent that Franmara may need time to make revisions to the glass design, my client would be willing to consider an extension delaying further proceedings with respect to this matter.

Regards,

Scott M. Lowry
Attorney at Law

Lowry Blixseth LLP
23632 Calabasas Rd., Ste. 201
Calabasas, California 91302
Phone: 818-584-6460
Fax: 818-574-6026
www.LawLB.com

---

**From:** "Robert W. Payne" <rpayne@lgpatlaw.com>
**To:** scott@lawlb.com
**Sent:** Tuesday, March 26, 2013 10:55:14 AM
**Subject:** RE: By the Glass LLC v. Franmara -- SETTLEMENT NEGOTIATIONS -- NOT ADMISSIBLE IN EVIDENCE

Dear Scott.

We have not yet heard back on our proposal of settlement/dismissal dated March 12.  We have answered the complaint but suggest it would be a waste of resources for both sides to

PAGE 3 of 6

EXHIBIT H

continue with this matter.  Some actions are about to come due.  We would appreciate hearing back on resolving this matter in the near future.


Sincerely,

Robert W. Payne
**LaRiviere, Grubman & Payne, LLP**
19 Upper Ragsdale Drive, Suite 200
Monterey, CA  93940
(831) 649-8800
www.lgpatlaw.com


---

**From:** Scott M. Lowry [mailto:scott@lawlb.com]
**Sent:** Wednesday, March 20, 2013 9:30 AM
**To:** Robert W. Payne
**Cc:** Scott J. Allen; Stuart O. Lowry; Jeffrey Castaneda
**Subject:** Re: By the Glass LLC v. Franmara -- SETTLEMENT NEGOTIATIONS -- NOT ADMISSIBLE IN EVIDENCE

Robert:

My client is currently considering the proposal in your March 12, 2013 letter and I will be in contact when they have a response.

Regards,

Scott M. Lowry
Attorney at Law

Lowry Blixseth LLP
23632 Calabasas Rd., Ste. 201
Calabasas, California 91302
Phone: 818-584-6460
Fax: 818-574-6026
www.LawLB.com

---

**From:** "Robert W. Payne" <rpayne@lgpatlaw.com>
**To:** "Scott M. Lowry" <scott@lawlb.com>
**Cc:** "Scott J. Allen" <sallen@lgpatlaw.com>
**Sent:** Wednesday, March 20, 2013 9:19:31 AM
**Subject:** FW: By the Glass LLC v. Franmara -- SETTLEMENT NEGOTIATIONS -- NOT ADMISSIBLE IN EVIDENCE

Dear Mr. Lowry:

PAGE 4 of 6

EXHIBIT H

We  have not heard back from you, and understand our response to the complaint is due today.  May we get agreement to our letter this morning?

Alternatively, please advise no later than 2 pm today whether you will agree to stipulate to an extension of time to respond to the complaint for an additional two weeks.

I will be out of the office starting at noon today for the rest of the day.  Please keep Scott Allen in any string of communications in this matter, going forward.

Thank you.


Sincerely,

Robert W. Payne
**LaRiviere, Grubman & Payne, LLP**
19 Upper Ragsdale Drive, Suite 200
Monterey, CA  93940
(831) 649-8800
www.lgpatlaw.com

---

**From:** Robert W. Payne
**Sent:** Tuesday, March 12, 2013 4:54 PM
**To:** Scott M. Lowry
**Subject:** By the Glass LLC v. Franmara -- SETTLEMENT NEGOTIATIONS -- NOT ADMISSIBLE IN EVIDENCE

Dear Mr. Lowry,

Please see the attached letter and enclosures..

I would appreciate your prompt agreement to this arrangement, or alternatively, agreement to extend time to respond to the complaint for 30 days while this matter is considered..


Sincerely,

Robert W. Payne
**LaRiviere, Grubman & Payne, LLP**
19 Upper Ragsdale Drive, Suite 200
Monterey, CA  93940
(831) 649-8800
www.lgpatlaw.com


PAGE 5 of 6

EXHIBIT H

This email and any attached files are confidential and intended solely for the intended recipient(s). If you are not the named recipient you should not read, distribute, copy or alter this email. Any views or opinions expressed in this email are those of the author and do not represent those of LaRiviere, Grubman & Payne, LLP (LGP). Warning: Although precautions have been taken to make sure no viruses are present in this email, LGP cannot accept responsibility for any loss or damage that arise from the use of this email or attachments.

This email and any attached files are confidential and intended solely for the intended recipient(s). If you are not the named recipient you should not read, distribute, copy or alter this email. Any views or opinions expressed in this email are those of the author and do not represent those of LaRiviere, Grubman & Payne, LLP (LGP). Warning: Although precautions have been taken to make sure no viruses are present in this email, LGP cannot accept responsibility for any loss or damage that arise from the use of this email or attachments.

This email and any attached files are confidential and intended solely for the intended recipient(s). If you are not the named recipient you should not read, distribute, copy or alter this email. Any views or opinions expressed in this email are those of the author and do not represent those of LaRiviere, Grubman & Payne, LLP (LGP). Warning: Although precautions have been taken to make sure no viruses are present in this email, LGP cannot accept responsibility for any loss or damage that arise from the use of this email or attachments.