UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BY THE GLASS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANMARA, INC., BARPARTS, INC., THE BRAVA GROUP LLC d/b/a/ BRAVA MARKETING PROMOTIONS, JH STUDIOS, INC., SHASTA PRINTING, INC., and QUICK TECHNOLOGIES, INC.<br><br>    Defendants. | Case No. 13-cv-00879-BLF<br><br>**ORDER DENYING STIPULATED DISMISSAL OF ENTIRE ACTION**<br><br>Re: Dkt. No. 61 |

On April 29, 2014, Plaintiff By The Glass, LLC/Govino, LLD and Defendant Franmara, Inc. submitted a "Stipulated Dismissal of Entire Action With Prejudice." Dkt. No. 61. Because the stipulation does not comply with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(ii), the Court declines to endorse the stipulation of dismissal.

Plaintiff's initial Complaint, filed February 27, 2013, identified Franmara as the sole named Defendant. Dkt. No. 1. On October 18, 2013, Plaintiff filed a First Amended Complaint ("FAC") adding BarParts, Inc., The Brava Group LLC d/b/a Brava Marketing Promotions, JH Studios, Inc., Shasta Printing, Inc., and Quick Technologies, Inc. d/b/a Sage as additional defendants. Dkt. No. 37. All Defendants answered the FAC on November 11, 2013, thereby appearing in this action. Dkt. No. 39.

Federal Rule of Civil Procedure 41 permits a plaintiff to voluntarily dismiss an action subject to certain restrictions. Where a plaintiff seeks to dismiss an opposing party who has already answered or appeared in the case, the voluntary dismissal must be made by stipulation "signed by all parties who have appeared" or by noticed motion. Fed. R. Civ. P. 41(a)(1)(A)(ii), (B).

Here, Plaintiff and Franmara have submitted a stipulation of dismissal "[p]ursuant to Federal Rule of Civil Procedure, Rule 41(a)(1)" that would dismiss, with prejudice, Plaintiff's claims against *all* named Defendants, as well as the counterclaims of *all* Defendants against Plaintiff. *See* Dkt. No. 61. However, the stipulation is only signed by counsel for Plaintiff and counsel for Franmara. *Id.* There is no evidence that the other named Defendants have signed on to this stipulation of dismissal. If Plaintiff seeks to dismiss its claims against all Defendants—and if all of the Defendants seek to dismiss their counterclaims against Plaintiff—the parties must file a stipulation of dismissal signed by all parties in this action who have appeared.

Because Plaintiff and Franmara's stipulation of dismissal is not signed by all parties who have appeared, the Court cannot endorse said dismissal. The requested dismissal is accordingly DENIED, without prejudice, and with leave to re-file a stipulation that complies with the Federal Rules of Civil Procedure and any applicable standing orders of the Court.

**IT IS SO ORDERED.**

Dated: May 2, 2014

_____
BETH LABSON FREEMAN
United States District Judge